# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KERNITA SIMMONS,<br>on behalf of A.B., a minor,<br>        Plaintiff,<br>v.<br>ANDREW M. SAUL, COMMISSIONER<br>OF SOCIAL SECURITY,<br>        Defendant. | CIVIL ACTION<br><br>NO. 19-2205 |

Henry S. Perkin, M.J.                                                                                January 29, 2020

## MEMORANDUM

      Kernita Simmons, on behalf of her minor son, A.B. ("Plaintiff"), seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying A.B.'s application for child Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. In her request for review, Plaintiff raises one claim which is premised on *Lucia v. Securities and Exchange Commission,* 138 S. Ct. 2044 (2018), that the administrative law judge ("ALJ") who decided her son's case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. Pl.'s Br. and Statement of Issues in Support of Request for Review, pp. 2-7 (ECF No. 15.) The Defendant argues that Plaintiff waived this claim because it was not raised at the administrative level and also argues that Plaintiff forfeited this claim by not challenging the ALJ's appointment in the agency proceeding. *See generally* Def. Br. (ECF No. 16.) After careful review and following the Third Circuit decision on January 23, 2020 in *Cirko v. Comm'r of Soc. Sec. and Bizarre v. Comm'r of Soc. Sec.*, ___ F.3d ___, 2020 WL 370832 (3d Cir. Jan. 23, 2020), and for the reasons set forth below, the Court finds that the ALJ was improperly

appointed under the Constitution and Plaintiff did not forfeit her Appointments Clause claim. Therefore, Plaintiff's request for review is granted, and this matter will be remanded to the Commissioner for further proceedings in accordance with the following memorandum.

## I. BACKGROUND

Plaintiff protectively filed for SSI benefits on A.B.'s behalf on April 8, 2015. (Tr. 21.) The SSI application was denied at the initial level and after requesting a hearing before an administrative law judge ("ALJ"), A.B. and Plaintiff testified at an ALJ hearing without counsel on October 24, 2017.[1] (*Id.* at 30-70.) In an unfavorable decision dated June 14, 2018, ALJ Nycole Watson found that A.B., who was four years old at the time of his application and seven years old at the time of the ALJ hearing, suffered from the following severe impairments: attention deficit hyperactivity disorder, oppositional defiant disorder and learning disability, but that he was not disabled. (Tr. 11-29.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 1-3.)

Plaintiff, acting *pro se*, appealed the ALJ's final decision by filing the instant action in this Court on May 21, 2019, as well as a motion for leave to proceed *in forma pauperis* and a motion for appointment of an attorney. *See* ECF Nos. 1, 2, 3. Pursuant to the Court's Standing Order effective September 4, 2018, this case was assigned to this United States Magistrate Judge for final disposition, upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* ECF No. 3, ¶ 2 (Notice of Commissioner's General Consent). On May 21, 2019, Plaintiff executed the

---

[1] During the ALJ hearing, Plaintiff acknowledged that she had been represented by counsel at one time, but counsel withdrew representation on June 8, 2016. (Tr. 33.) Plaintiff then was advised by ALJ Nycole Watson that Plaintiff could waive her right to a hearing that day, she could proceed with the hearing without representation, or the ALJ could adjourn the hearing and give Plaintiff the opportunity to obtain another representative, but if the hearing was adjourned, Plaintiff would not have another opportunity for a hearing continuance. (*Id.* at 34.) Plaintiff elected to proceed with the hearing. (*Id.*) Plaintiff then executed a written waiver of representation which acknowledged her rights as explained by ALJ Watson and that she had received a list of organizations that provide legal services prior to the hearing. (*Id.* at 35.)

Consent/Declination Form. *See* ECF No. 4 (Plaintiff's Consent Form). Plaintiff was granted leave to proceed *in forma pauperis* on May 23, 2019. *Id.,* No. 4. Plaintiff's motion for appointment of counsel was granted on June 11, 2019, and the case was placed on the Court's extranet site for review by attorneys who are members of the Court's attorney panel for *pro se* plaintiffs in social security cases. *Id.,* Nos. 6, 9. On August 2, 2019, Plaintiff's counsel entered his appearance and he was appointed to represent Plaintiff on August 5, 2019. *Id.*, Nos. 11, 12. Plaintiff's Brief in Support of Request for Review was filed on October 28, 2019 and raises one issue, that the ALJ was not properly appointed under the Constitution and lacked the legal authority to hear this case. *See* ECF No. 15.

## II. DISCUSSION

Plaintiff's Appointments Clause challenge is that the ALJ did not have the authority to issue a disability determination because he was an inferior officer not appointed pursuant to the Constitution. Plaintiff's argument is based upon the Supreme Court's decision in *Lucia v. SEC*, 138 S.Ct. 2044 (2018), that ALJs in the Securities and Exchange Commission ("SEC") exercised "significant discretion" in carrying out "important functions" and were therefore required under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, to be appointed by the President, a court of law, or a head of department. *Id.* at 2053 (citation omitted). Because the SEC ALJs were not so appointed, the petitioner there was entitled to a new hearing before a different constitutionally appointed ALJ. *Id.* at 2055. The Court held that Lucia's argument was timely because it was raised before the Commission, in the Court of Appeals and before the Supreme Court. *Id.* at 2049, 2055.

When *Lucia* was decided on April 23, 2018, SSA ALJs were appointed from a pool of applicants maintained by the Office of Personnel Management. *Menoken v. McGettigan*, 273

3

F.Supp.3d 188, 192 (2017). Following the *Lucia* decision, the President signed an Executive Order on July 10, 2018 directing the hiring of ALJs by individual agencies and not the OPM central pool. Exec. Order No. 13, 843, 83 Fed, Reg. 32755 (July 10, 2018). That Order prospectively changed the appointment process of ALJs, but did not affect the status of previously appointed ALJs. *Id.* In response to *Lucia*, the Acting Commissioner of Social Security reappointed the Agency's administrative judges under her own authority on July 16, 2018.

Certain disability claimants were challenging the Social Security Agency's denial of their claims in District Court when *Lucia* was decided, and although they had not previously raised an Appointments Clause claim, they immediately demanded new hearings on the ground that the Agency's ALJs were unconstitutionally appointed. Because neither the Supreme Court nor the Third Circuit had addressed whether the *Lucia* decision was applicable to Social Security ALJs, courts within this Circuit were divided on this issue. The Third Circuit recently held, however, that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency.[2] The Court remanded the cases for hearings before constitutionally appointed ALJs other than those who presided over the claimants' first hearings. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832 (3d Cir. Jan. 23, 2020).

Like the claimants in *Cirko* and *Bizarre*, Plaintiff presented her Appointments Clause claim to this Court at the first briefing opportunity after *Lucia* was decided. The remedy for an Appointments Clause violation is a new hearing before a properly appointed ALJ other than the ALJ who decided Plaintiff's case. *Id.* Accordingly, by an implementing Order that

---

[2] The Court limited its decision to issue exhaustion of Appointments Clause challenges. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832, at *1 n.3 (3d Cir. Jan. 23, 2020).

follows this memorandum, Plaintiff's case will be remanded for assignment to a different, constitutionally appointed ALJ other than ALJ Nycole Watson to hold a new hearing and issue a Decision as to Plaintiff's claim for SSI benefits for A.B.